HELEN LA ROCK, Plaintiff, *v.* FRANCIS LA ROCK, Defendant.

Supreme Court, Trial Term, Erie County, January 20, 1949.

*Harold G. Conger* for plaintiff.

No appearance for defendant.

WECHTER, J. Action for annulment. Both parties are and have been residents of the State of New York.

Plaintiff's first marriage was dissolved here by divorce forbidding her husband to remarry. Defendant's prior marriage was dissolved here by divorce forbidding him to remarry and his former wife is still living. Plaintiff, aware of the provisions of her own decree, says she knew the other decree was in the other wife's favor and that said wife was still living, but was unaware (and did not seek to learn) that the same essential prohibition applied to the guilty party there.

In this ignorance she agreed to marry this defendant, a traveling salesman, and accepted his invitation from Louisiana to journey there for the marriage and the ceremony was there performed.

Louisiana since 1914 has had legislation (Acts 1914, No. 151) popularly known as the Uniform Marriage Evasion Act of which sections 3 and 4 (La. Gen. Stat., §§ 2188, 2189) read as follows:

" Before issuing a license to marry to a person who resides and intends to continue to reside in another state the officer having authority to issue the license shall satisfy himself by requiring affidavits or otherwise that such person is not prohibited from intermarrying by the laws of the jurisdiction where he or she resides.

" Any official issuing a license with the knowledge that the parties are thus prohibited from intermarrying and any person authorized to celebrate marriage who shall knowingly celebrate such marriage shall be deemed guilty of a misdemeanor, and shall be punished by fine or imprisonment or both in the discretion of the court ".

Despite these provisions the plaintiff and defendant, on application fully disclosing their New York residence, their prior marriages and their dates of dissolution respectively, and in each instance the name of the former spouse, received marriage license 31556 of the Parish of Rapides. Pursuant to the authority of such license, they had a ceremony of marriage on February 14, 1944.

The cited act of Louisiana provides in section 2 (La. Gen. Stat. § 2187): " No marriage shall be contracted in this state by a party residing and intending to continue to reside in another state or jurisdiction, if such marriage would be void if contracted in such other state or jurisdiction, and every marriage celebrated in this state in violation of the provision shall be null and void."

The marriage of these parties, " residing and intending to continue to reside in another state or jurisdiction ", i.e., New York State, was one that " would be void if contracted in such other state or jurisdiction ". (Domestic Relations Law, § 6.)

Resultingly, this " marriage celebrated in this state " (i.e., Louisiana) " in violation of the provision shall be null and void."

The marriage was a nullity and plaintiff is entitled to a declaration thereof by decree of annulment.

Enter decree accordingly.